**Enriqueta GARNICA, Plaintiff—Appellant,**

v.

**Michael J. ASTRUE,\* Commissioner of Social Security, Defendant–Appellee.**

No. 05–56606.

United States Court of Appeals, Ninth Circuit.

Submitted June 13, 2007.\*\*

Filed June 26, 2007.

Andrew T. Koenig, Esq., Attorney at Law, Ventura, CA, for Plaintiff–Appellant.

Jean M. Turk, Esq., SSA–Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: D.W. NELSON, REINHARDT, and RYMER, Circuit Judges.

MEMORANDUM \*\*\*

Enriqueta Garnica ("Garnica") appeals the district court's order affirming the Social Security Administration's (the "Agency's") determination that Garnica is not disabled. For three reasons, we reverse and remand this case to the Agency for a new hearing.

---

\* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

First, under Social Security Ruling 82–62,[1] an ALJ must consider carefully a claimant's past work experience "to assure that the available facts support a conclusion regarding the claimant's ability or inability to perform the functional activities required in this work." Soc. Sec. Ruling 82–62, 1982 WL 31386, at *3 (S.S.A.). To this end, an ALJ must make

a careful appraisal of (1) the individual's statements as to which past work requirements can no longer be met and the reason(s) for his or her inability to meet those requirements; (2) medical evidence establishing how the impairment limits ability to meet the physical and mental requirements of the work; and (3) in some cases, supplementary or corroborative information from other sources such as employers, the Dictionary of Occupational Titles, etc., on the requirements of the work as generally performed in the economy.

*Id.* The decision "must be developed and explained fully," and "every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit." *Id.* Furthermore, "[i]n finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain a [specific] finding of fact as to the physical and mental demands of the past job/occupation." *Id.* at *4.

After briefly recounting Garnica's testimony and the testimony of a vocational expert, the ALJ stated: "I find the claimant retains the residual functional capacity for a limited range of light work. Therefore, consistent with the vocational expert's testimony, she can perform her past relevant work." Notably, however, the ALJ did not discuss any of the *specific* mental and physical demands intrinsic to Garnica's three prior jobs—as a packer, assembler, or sorter—nor did he explain how her retained functional capacity satisfied those specific demands. We find this insufficient to satisfy the ALJ's responsibilities under Ruling 82–62. He failed to consider carefully "the interaction of the limiting effects of [Garnica's] impairment(s) and the physical and mental demands of . . . her [past relevant work] to determine whether [she] can still do that work." *Id.* at *2. Moreover, he failed "to make the requisite factual findings to support his conclusion." *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir.2001).

Second, Social Security Ruling 00–4p states that before relying on VE evidence to support a disability determination, an ALJ must do three things. First, he "has an affirmative responsibility to ask about any possible conflict between [the vocational expert's] evidence and information provided in the [Dictionary of Occupational Titles]." Soc. Sec. Ruling 00–4p, 2000 WL 1898704, at *4 (S.S.A.). Second, he must "obtain a reasonable explanation for any [such] conflicts." *Id.* at * 1. Third, he must "[e]xplain in the determination or decision how any conflict that has been identified was resolved." *Id.*

The ALJ failed to ask the vocational expert about possible conflicts between the expert's testimony and information in the DOT upon which the expert relied when evaluating at least one of Garnica's previous jobs (as an assembler). Thus, the ALJ violated the clear mandates of Ruling 00–4p. *See Massachi v. Astrue*, 486 F.3d

---

1. "Social Security Rulings are final opinions and statements of policy by the Commissioner of Social Security, binding on all components of the Social Security Administration. They are to be relied upon as precedent in determining cases where the facts are basically the same." *Gamble v. Chater*, 68 F.3d 319, 321 n. 1 (9th Cir.1995) (internal citations and quotation omitted).

1149, 1152 (9th Cir.2007) ("[W]e address the question whether, in light of the requirements of [Ruling] 00–4p, an ALJ may rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the Dictionary of Occupational Titles. We hold than an ALJ may not.").

Third, the ALJ disregarded the opinions of Garnica's treating physician, Dr. Anees. To disregard a claimant's treating physician's opinion, the ALJ must provide "specific and legitimate reasons" supported by "substantial evidence" for doing so. *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995). Although the contradictory opinions of nontreating physicians may constitute substantial evidence if they are based on independent clinical findings, *Andrews v. Shalala*, 53 F.3d 1035 (9th Cir.1995), the ALJ does not state in his decision that he is disregarding Anees's opinion in favor of that of another physician. Instead, the ALJ disregarded Anees's conclusions because, in his view, they were not supported sufficiently. Not only do we find the ALJ's reasons for disregarding Anees's opinion to be without merit, but the ALJ failed to give "specific and legitimate reasons" for adopting a contrary opinion.

**REVERSED and REMANDED.**

RYMER, Circuit Judge, dissenting:

I believe the ALJ's reasoning was sufficiently clear, and see no point to remanding.

First, Garnica's own testimony provided all the explanation needed for the demands of prior work. The applicant's testimony is a proper source for the requirements of her past work as actually performed, *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001), and unlike *Pinto*, here there is no dispute that Garnica's past orange sorting work as she described it falls within the residual functional capacity that the ALJ found—light work limited to simple, repetitive tasks.

Second, the requirements in SSR 00–4p apply only where the ALJ relies on the applicant's prior work *as generally performed in the national economy*, not as actually performed; only as to the former does the DOT have any relevance.[1] The applicant's ability to do either is sufficient to deny the claim at step four, and we do not require the ALJ to address both. *Pinto*, 249 F.3d at 845.

Third, just prior to rejecting Dr. Anees's report, the ALJ discussed at length the contrary conclusions of examining physician Dr. Broadbent and state agency consulting physicians. The ALJ also properly drew support from the notes of treating physician Dr. Rodas, who observed in September 1997 that Garnica had stopped taking certain medication but nevertheless did not complain of musculoskeletal pain. Moreover, "[w]hen confronted with conflicting medical opinions, an ALJ need not accept a treating physician's opinion that is conclusory and brief and unsupported by clinical findings," *Tonapetyan v. Halter*,

---

1. *See* SSR 00–4p ("In making disability determinations, we rely primarily on the DOT ... for information about the requirements for work in the national economy. We use these publications at steps 4 and 5...."); SSR 82–61 ("The [DOT] descriptions can be relied upon—for jobs that are listed in the DOT—to define the job as it is *usually* performed in the national economy."); *Pinto*, 249 F.3d at 845 ("Social Security Regulations name two sources of information that may be used to define a claimant's past relevant work as actually performed: a properly completed vocational report, SSR 82–61, and the claimant's own testimony, SSR 82–41.").

242 F.3d 1144, 1149 (9th Cir.2001), which he could well conclude Dr. Anees's were.

I would, therefore, affirm.