**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ENRIQUETA GARNICA, | No. 07-56878 |
| Plaintiff - Appellant, | D.C. No. CV-03-07889-AGR |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Alicia G. Rosenberg, Magistrate Judge, Presiding

Submitted May 4, 2010[**]
Pasadena, California

Before: CLIFTON and BYBEE, Circuit Judges, and KORMAN,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Edward R. Korman, United States District Judge, Eastern District of New York, sitting by designation.

1

Enriqueta Garnica ("Garnica") filed an application for Social Security Disability ("SSD") and Supplemental Security Income ("SSI") benefits under Titles II and XVI of the Social Security Act. After Garnica's application was denied by an Administrative Law Judge and her request for review was denied by the Appeals Council, the United States District Court for the Central District of California affirmed what then became the final judgment of the Commissioner. In a 2-1 decision, we remanded the case for further administrative proceedings. *Garnica v. Astrue*, 238 F. Appx. 254 (9th Cir. 2007).

Because an applicant for disability benefits prevails against the United States if the denial of benefits is reversed and remanded for rehearing pursuant to sentence four of 42 U.S.C. § 405(g), regardless of whether benefits are ultimately awarded, *Shalala v. Schaefer*, 509 U.S. 292, 300-301 (1993), Garnica filed a motion in the district court for attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, prior to the administrative proceedings on remand. The district judge initially denied her motion after finding that the Commissioner's position was "substantially justified" because the Commissioner had prevailed in the district court and the reversal by the Court of Appeals was a split decision. Garnica filed a motion to alter or amend the judgment, which the district court denied after also considering the Commissioner's position with respect to each of the grounds that provided the

basis for the reversal. Garnica appeals both orders.

The EAJA provides that a district court shall award attorneys fees to a party that prevails against the United States unless "the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). While the Commissioner has the burden of proving substantial justification, *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988), the district court's denial of attorneys' fees under the EAJA is reviewed under an abuse of discretion standard, *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998). The district court abuses its discretion when its "decision is based on an erroneous conclusion of law or when the record contains no evidence on which it rationally could have based that decision." *Kali,* 854 F.2d at 331 (alteration and quotation marks omitted). This is a "highly deferential standard, and we may not substitute our view of what constitutes substantial justification for that of the district court; our review is limited to assuring that the district court's determination has a basis in reason." *Bay Area Peace Navy v. United States*, 914 F.2d 1224, 1230 (9th Cir. 1990) (internal citation and quotation marks omitted).

The district judge's decision clearly has a basis in reason. The Commissioner initially prevailed in the district court. While the judgment of the district court was reversed, it was by a 2-1 decision over a reasoned dissenting opinion by Judge Rymer.

3

These are both highly relevant factors upon which the district court properly relied in exercising its discretion. Indeed, we have held that the fact that the Commissioner prevailed in the district court may appropriately be considered as part of the EAJA analysis. *See Lewis v. Barnhart*, 281 F.3d 1081, 1084 (9th Cir. 2002). Moreover, we have held that a split panel decision "regarding the merits of the government's appeal further suggests that a finding of substantial justification is appropriate." *Bay Area Peace Navy*, 914 F.2d at 1231; *see also Gonzales v. Free Speech Coalition*, 408 F.3d 613, 619 (9th Cir. 2005).

Because these factors are not necessarily conclusive, we have also considered the Commissioner's position with respect to each of the grounds that provided the basis for the reversal of the Commissioner's rejection of Garnica's application for SSD and SSI benefits, and we conclude that our initial reversal of the district court's affirmance of the denial of benefits decided a close case about which "'reasonable minds' could and *did* differ." *Free Speech Coalition*, 408 F.3d at 621. Consequently, the district court did not abuse its discretion in concluding that the Commissioner's positions were substantially justified.

AFFIRMED.

4