Joyce LEWIS, Plaintiff–Appellant,

v.

Jo Anne B. BARNHART,* Commis-
sioner of Social Security, De-
fendant–Appellee.

No. 99–35922.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 4, 2001

Filed March 1, 2002.

Elie Halpern, Elie Halpern and Associ-
ates, Olympia, WA, and Ralph Wilborn,
Ralph Wilborn & Etta L. Wilborn, P.C.,
Tucson, AZ, for the plaintiff-appellant.

Vikash Chhagan, Assist. Reg. Counsel,
Social Security Administration, Seattle,
WA, and Brian C. Kipnis, Seattle, WA, for
the defendant-appellee.

---

* Jo Anne B. Barnhart is substituted for her predecessors, Kenneth S. Apfel (Commissioner) and Larry G. Massanari (Acting Commissioner), as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

Before: BROWNING, WALLACE, and T.G. NELSON, Circuit Judges.

Opinion by Judge WALLACE; Dissent by Judge JAMES R. BROWNING.

WALLACE, Circuit Judge.

Lewis appeals from the district court's judgment in this Social Security disability action denying her motion for attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(Act). The district court had jurisdiction pursuant to 42 U.S.C. § 405(g) to review the merits of the underlying case and had jurisdiction under 28 U.S.C. § 2412 to decide the motion for attorneys' fees. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

I

Lewis applied for disability insurance benefits under Title II of the Social Security Act on July 26, 1995, alleging that she had become disabled as a result of a back injury sustained in August 1994. Just prior to this injury, Lewis was working at a gas station as a cashier and attendant. In her application for benefits, Lewis reported that her work required her to operate the cash register, take readings on the gasoline pumps, mop floors, and clean bathrooms. She indicated that this job required her to stand six hours per day, bend frequently, lift up to ten pounds frequently, carry boxes of merchandise and cases of soda, and sometime lift items as heavy as twenty pounds. At the hearing before the Administrative Law Judge (ALJ), Lewis testified that the job "involved being a cashier and a janitor. You clean bathrooms. You mop floors. You did windows, stocked the coolers, put merchandise away, and when I worked there I worked for a friend so he made accommo-dations for my limitations." However, she explained that when heavy boxes and soft drink orders were delivered the male employees would take care of moving them, and that she was allowed to have a chair or stool to sit on while she worked.

The ALJ stated, after hearing this response, "So you didn't do any other work. You were a cashier." Lewis responded, "I did everything, but lifting—I didn't do a lot of heavy lifting like with the cases of soft drinks and heavy merchandise." She testified that this "everything but lifting" basically consisted of taking money, making change, writing up credit card slips, cleaning bathrooms, and "some mopping." Later in the hearing, the ALJ asked whether she was allowed to sit while performing her cashiering duties, and Lewis replied, "Most of the time." The record also contained Lewis's statement, made shortly after she filed her application, to her doctor, Dr. Trucksees, that she would be capable of doing her past job if given the opportunity to sit periodically and change positions throughout the day.

Applying the Social Security Administration's sequential evaluation process, the ALJ determined that Lewis (1) had not engaged in any substantial gainful activity since August 15, 1994; (2) suffered a "severe" medically-determined impairment "which causes significant vocationally relevant limitations;" (3) retained the residual functional capacity to perform only sedentary work, or work that requires maximum lifting of ten pounds and no prolonged standing or walking; and (4) was not required to perform more than sedentary work in her former job as a gas station attendant. Because the ALJ found that Lewis had the ability to perform her past relevant work, he decided that she was not disabled within the meaning of the Social Security Act. The ALJ's decision became the final decision of the Commissioner

when the Appeals Council declined to review it.

Lewis timely sought judicial review of the Commissioner's final decision. A magistrate judge issued a Report and Recommendation affirming that decision; however, the district court declined to adopt the magistrate judge's recommendation. The district court held that the ALJ "badly mischaracterize[d] Lewis' testimony regarding the exertional demands of her past relevant work as a gas station attendant and ignored the "clear direct evidence that her job required more than sedentary work." " The district court emphasized Lewis's statements in her benefits application and discounted Lewis's statement to Dr. Trucksees because Dr. Trucksees had reported Lewis as capable of light work, which was a conclusion rejected by the ALJ.

Lewis moved for an attorneys' fee award pursuant to the Act. The district court denied Lewis's motion, stating that "the evidence was not entirely lacking in ambivalence .... [T]here was evidence that the plaintiff ... remarked to Dr. Trucksees that she thought she could return to her service station attendant job. Other evidence made it less than clear to precisely what degree her service station job exceeded the demands of sedentary activity." The district court also stated, "I must further note that [the magistrate judge's] agreement with the ALJ's conclusion also suggests that the Commissioner was 'substantially justified' in opposing the award of benefits in this case."

II

■ We review a district court's denial of attorneys' fees under the Act for an abuse of discretion. *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir.1998). Under the Act, attorneys' fees are to be awarded to a party winning a sentence-four remand un-

less the Commissioner shows that his position with respect to the issue on which the district court based its remand was "substantially justified." *Flores v. Shalala*, 49 F.3d 562, 568–69 (9th Cir.1995). The Commissioner is "substantially justified" if his position met "the traditional reasonableness standard—that is 'justified in substance or in the main,' or 'to a degree that could satisfy a reasonable person.' " *Corbin*, 149 F.3d at 1052, *quoting Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). The Supreme Court has explained that "a position can be justified even though it is not correct, and we believe it can be substantially ... justified ... if it has a reasonable basis in law and fact." *Pierce*, 487 U.S. at 566 n. 2, 108 S.Ct. 2541.

■ The ALJ's error, according to the district court, was a failure to characterize properly Lewis's testimony at step four of the evaluation process. At step four, Lewis had the burden of showing that she could no longer perform her past relevant work. *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir.2001). The ALJ had the duty "to make the requisite factual findings to support his conclusion." *Id.* This required the ALJ to examine Lewis's " 'residual functional capacity and the physical and mental demands' " of Lewis's past relevant work. *Id.* at 844–45 (quoting 20 C.F.R. §§ 404.1520(e) and 416.920(e)).

A claimant must be able to perform her past relevant work either as actually performed or as generally performed in the national economy. *Id.* at 845. The Social Security Regulations provide that the ALJ may draw on two sources of information to define the claimant's past relevant work as actually performed: (1) the claimant's own testimony, and (2) a properly completed vocational report. *Id.* In assessing a claimant's testimony, the ALJ is responsible for determining credibility and resolv-

ing conflicts and ambiguities. *Meanel v. Apfel,* 172 F.3d 1111, 1113 (9th Cir.1999).

Here, the ALJ reviewed Lewis's testimony about her past work at the gas station as she actually performed it and resolved ambiguities in the testimony against Lewis. Although the district court ultimately found that the ALJ erroneously characterized Lewis's testimony, the Commissioner's decision to defend the ALJ's position on step four in the evaluation process had a reasonable basis in law since, as explained above, the ALJ must assess the claimant's testimony and may use that testimony to define past relevant work as actually performed. *See Pinto,* 249 F.3d at 844–45; *Meanel,* 172 F.3d at 1113.

The district court also held that the Commissioner's position had a reasonable basis in fact. There is testimony in the record that may reasonably be viewed as casting doubt on Lewis's statements in her benefits application. Lewis testified she was able to sit for several hours during the day and that male employees did most of the lifting. There is also her statement to Dr. Trucksees that she was able to perform the work at the gas station with these accommodations. These pieces of evidence relate to the specific error—the definition of past relevant work—for which the district court reversed the ALJ's decision. The district court expressly linked this evidence to this specific error by stating, "I cannot say that it was completely unreasonable for the ALJ to conclude that the plaintiff could return to her past relevant work."

Finally, Lewis argues that the district court committed an error of law in considering the magistrate judge's recommendation to uphold the ALJ's decision that the Commissioner was substantially justified. The Supreme Court has stated, "the fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified." *Pierce,* 487 U.S. at 569, 108 S.Ct. 2541. However, the Supreme Court did not hold that it is improper for a court to consider the opinions of other judges. The Supreme Court explained, "a string of losses can be indicative; and even more so a string of successes." *Id.* Thus, the district court could consider the magistrate judge's decision.

In his dissent, Judge Browning suggests that we should focus on the Commissioner's failure to consider evidence on the question of whether Lewis could perform past relevant work, something he calls a "procedural error," instead of asking, as we do, whether substantial evidence supports the Commissioner's position that Lewis could perform past relevant work. To Judge Browning, our approach is contrary to *Flores v. Shalala,* 49 F.3d 562 (9th Cir.1995) and *Corbin v. Apfel,* 149 F.3d 1051 (9th Cir.1998) because it focuses on the ultimate disability determination rather than a procedural error.

We fail to see the distinction he posits. Assuming for the sake of discussion that there really is a difference between Judge Browning's approach and ours, we think Judge Browning has misread *Flores* and *Corbin.* In *Flores,* the Commissioner initially determined that Flores was not disabled because she could perform other work. Flores challenged the Commissioner's decision in district court. The district court agreed with Flores and remanded the case to the Commissioner because the ALJ failed to include a comprehensive vocational assessment called the TEAM report in the hypothetical question that was posed to the vocational expert. On remand, the ALJ considered the TEAM report and concluded that Flores was disabled for a closed period of just under three years. Flores again challenged the Commissioner's decision in district court. The district

court held that Flores had been, and continued to be, disabled from the beginning of the original closed period.

Flores then sought to recover her attorney's fees. The district court denied her request for fees because, it concluded, the Commissioner was substantially justified in taking the position that Flores was not disabled. *Id.* at 566. Flores appealed. While the appeal was pending, the Supreme Court decided *Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and answered a question that had been left open by *Melkonyan v. Sullivan,* 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991): at what point does a social security disability claimant who obtains a sentence-four remand become a prevailing party? Before *Melkonyan,* a claimant was not considered a prevailing party until she had established that she was entitled to benefits. *Swenson v. Heckler,* 801 F.2d 1079, 1080 (9th Cir. 1984). But in *Melkonyan* the Court said that a claimant who obtains a sentence-four remand order must apply for attorney's fees within thirty days of the date the judgment becomes final. 501 U.S. at 94, 111 S.Ct. 2157. Did the holding in *Melkonyan* change the *Swenson* prevailing party rule? In *Schaefer,* the Court held that it did. A claimant who obtained a sentence-four remand would now be considered a prevailing party at the time of remand. 509 U.S. at 300–01, 113 S.Ct. 2625.

In *Flores,* we took up a question left open by *Schaefer:* how should we determine if the Commissioner's position was substantially justified? Should we focus on whether the Commissioner's position that the claimant was not disabled was substantially justified (the ultimate disability determination) or should we consider whether the particular position(s) taken by the Commissioner in the remand proceed-

ings were substantially justified. Taking our cue from *Schaefer,* we followed the latter course and held that "Flores [was] entitled to attorneys' fees unless the Secretary show[ed] that her position *with respect to the issue on which the court based its remand* was 'substantially justified.' " *Flores,* 49 F.3d at 569 (emphasis added).

*Corbin v. Apfel,* 149 F.3d 1051 (9th Cir. 1998), is much like *Flores.* In *Corbin,* the ALJ denied her disability claim and the district court affirmed. We reversed and remanded for the ALJ to consider two errors. On remand, Corbin's disability claim was again denied. Corbin then sought to recover attorneys' fees because the Commissioner's decision to defend on appeal was not substantially justified. The Commissioner argued that she should not be allowed to recover fees because her claim was ultimately denied. Citing *Flores,* we ruled in Corbin's favor holding that the Commissioner's defense on appeal of "basic and fundamental" procedural mistakes made by the ALJ was not substantially justified. *Id.* at 1053. We further explained our holding in *Flores:* "[w]hether the claimant is ultimately found to be disabled or not, the government's position at each stage must be 'substantially justified.' " *Id.* Thus, *Corbin,* like *Flores,* requires us to focus on the reasonableness of the Commissioner's position in the remand proceedings instead of the reasonableness of the Commissioner's position in the full range of proceedings related to the disability determination.

Judge Browning argues that we should not ask whether the Commissioner's position that Lewis could perform other work was substantially justified because such a question is akin to, if not identical with, the ultimate disability determination. Instead of focusing on the question of the claimant's disability, he argues that we should focus on whether the Commissioner's posi-

tion with respect to "procedural errors" committed by the ALJ were substantially justified. We disagree. We used the phrase "ultimate issue of disability" in *Flores* to distinguish between the particular issue(s) raised in the remand proceedings from the overarching question of the claimant's disability. True, *Flores* and *Corbin* involved procedural errors. But neither case requires us to distinguish between substantive and procedural issues within the remand proceedings. Indeed, we are not even sure that such a distinction can be made. In *Flores* we asked whether the ALJ's failure to consider the TEAM report when formulating the hypothetical question was substantially justified not because it was procedural but because it was the nub of the remand proceedings. 49 F.3d at 569. The same can be said for *Corbin*.

In this case, the district court remanded because "clear direct evidence" showed that Lewis could not perform her past work. So under *Flores* and *Corbin* we must focus on, and have focused on, whether the Commissioner was substantially justified in taking the position that Lewis could perform her past work. Judge Browning suggests that this is the same thing as asking if the Commissioner was substantially justified in arguing that Lewis was not disabled. Not so. As we have said, *Flores* requires us to focus on the remand issue rather than the ultimate disability determination. We have done this and concluded, consistent with the district court, that the Commissioner's position, though incorrect, was substantially justified.

We therefore hold there was no abuse of discretion in denying attorneys' fees under the Act.

AFFIRMED.

JAMES R. BROWNING, Circuit Judge, Dissenting.

I dissent. Prior decisions of this Court require reversal.

In *Flores v. Shalala*, 49 F.3d 562 (9th Cir.1995), the Secretary found Flores was not disabled because he could perform a significant number of jobs in the national economy.[1] Flores appealed. The district court remanded because the Secretary had erred by failing to consider a vocational report (the TEAM report) in questioning the vocational expert and in reaching the conclusion that Flores could perform jobs in the national economy. The district court denied Flores's request for attorneys' fees because the court concluded the Secretary's position on the ultimate issue of Flores's disability was substantially justified.

We reversed, holding the district court had committed a material error of law in determining the Secretary's position was substantially justified. *Id.* at 572. We stated we could resolve the question of Flores's entitlement to attorneys' fees "by considering only the procedural issues on which the district court reversed." *Id.* at 566. We concluded "[b]ecause the remand was based on the failure of the ALJ to ask about or consider the TEAM report, the district court's inquiry should have been directed to that procedural error and not the question of ultimate disability." *Id.* at 569.

We confirmed the *Flores* holding in *Corbin v. Apfel*, 149 F.3d 1051 (9th Cir.1998). In *Corbin*, the district court affirmed the Commissioner's decision that Corbin was not disabled. We reversed and remanded

---

**1.** This determination was made by the ALJ but became the Secretary's when the Appeals Council declined to review it.

because the Commissioner had failed to properly evaluate the evidence presented by Corbin. The district court denied Corbin's motion for attorneys' fees, holding the Commissioner's position was substantially justified because there was "some evidence" supporting the Commissioner's original denial of benefits. We reversed the district court, reiterating that in deciding whether the Commissioner's position was substantially justified, "the court should look to the government's decision to defend on appeal the procedural errors committed by the ALJ." *Id.* at 1053.

Contrary to the majority, *Flores* and *Corbin* require the district court to look to the procedural error which led to the appeal in deciding whether the Commissioner's position was substantially justified. The majority claims the "nub" of the district court's remand was the Commissioner's conclusion Lewis could perform her past relevant work. In fact, the record shows the district court remanded because, exactly as in *Flores* and *Corbin,* the Commissioner committed a procedural error by failing to consider and weigh evidence in reaching that conclusion.

The Commissioner found Lewis was capable of performing her past relevant job because her position as a gas station attendant required only sedentary work. On appeal, the district court noted the evidence presented by Lewis—her Social Security forms, her testimony at the hearing, and her vocational expert's statements—were all contrary to the Commissioner's finding.[2] The court said the Commissioner "badly mischaracterize[d]" Lewis's testimony regarding the exertional demands of her past job and remanded, holding the Commissioner's finding could not stand "[i]n the light of ... the clear direct evidence that her job required more than sedentary work ..."

Both the district court and the majority direct their substantial justification inquiry to whether it was reasonable for the Commissioner to conclude Lewis could perform her past relevant work. However, as in *Flores* and *Corbin,* the proper question is not whether it was reasonable for the Commissioner to conclude Lewis could perform her past relevant work but rather whether it was reasonable for the Commissioner to defend the ALJ's error—his failure to consider and evaluate "clear direct" evidence on that question.[3]

This approach is consistent with the purpose of the Equal Access to Justice Act.

---

2. The district court quoted Social Security Ruling 82–62 which directs the ALJ to carefully consider the following evidence in making a determination regarding the claimant's ability to perform past relevant work: (1) the individual's statements as to which past work requirements can no longer be met and the reason(s) for his or her inability to meet those requirements; (2) medical evidence establishing how the impairment limits ability to meet the physical and mental requirements of the work; and (3) in some cases, supplementary or corroborative information from other sources such as employers, the Dictionary of Occupational Titles, etc., on the requirements of the work as generally performed in the economy. The Ruling also requires the ALJ to make "every effort" to "secure evidence that resolves the issue as clearly and explicitly as the circumstances permit."

3. If the district court properly focused on the procedural error on which its reversal was based, it undoubtedly would have found the Commissioner's decision to defend the ALJ's failure to consider "clear direct" evidence on that issue was not substantially justified. *See Corbin,* 149 F.3d at 1053 (Commissioner's position was not justified where the ALJ failed to weigh basic evidence); *Sampson v. Chater,* 103 F.3d 918 (9th Cir.1996) (Commissioner's position was not justified where the ALJ failed to take adequate account of claimant's testimony); *Yang v. Shalala,* 22 F.3d 213 (9th Cir.1994) (Commissioner's position was not justified where the ALJ failed to consider evidence presented at hearing).

See *Gutierrez v. Barnhart*, 274 F.3d 1255, 1262 (9th Cir.2001) ("a clearly stated objective [of the EAJA] is to eliminate financial disincentives to those who would defend against unjustified governmental action and thereby to deter the unreasonable exercise of governmental authority"). If the Commissioner had properly considered and evaluated Lewis's evidence at the initial hearing, Lewis would not have been required to pay attorneys' fees in order to successfully challenge the Commissioner's error in district court. As we said in *Flores*, "[i]t is hardly inequitable to award attorney's fees where the Secretary commits procedural errors that are not 'substantially justified.' We merely compel the Secretary to abide by her obligation to consider the evidence properly before denying a claim ..." *Flores*, 49 F.3d at 569 n. 10.