Paul MATLOCK, Plaintiff—Appellant,

v.

Jo Anne B. BARNHART, Commissioner of Social Security Administration, Defendant—Appellee.

No. 04–55968.

D.C. No. CV–01–04152–JFW.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2005.*

Decided May 16, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Stephanie M. Simpson, Northridge, CA, for Plaintiff–Appellant.

Theophous H. Reagans, SSA—Social Security Administration Office of The General Counsel, San Francisco, CA, for Defendant–Appellee.

Before THOMAS, PAEZ, Circuit Judges, and REED,** District Judge.

## MEMORANDUM***

Following our prior remand of this case, see *Matlock v. Barnhart*, 90 Fed.Appx. 208 (9th Cir.2004), Paul Matlock filed a Motion for an Award of Attorney's Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), requesting fees incurred in seeking judicial review of the Social Security Administration's denial of his application for Supplemental Security Income ("SSI"). The district court denied Matlock's motion. "We review a district court's denial of attorneys' fees under the [EAJA] for an abuse of discretion." *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). We affirm.

** The Honorable Edward Reed, United States District Judge for the District of Nevada, sitting by designation

*** This disposition is not appropriate for publication and may not be cited to or by the

Under the EAJA, "a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... including proceedings for judicial review of agency action, brought by or against the United States." 28 U.S.C. § 2412(d)(1)(A).[1] An applicant for Social Security benefits earns prevailing party status "upon procuring a sentence-four remand for further administrative proceedings [under 42 U.S.C. § 405(g)], regardless of whether he later succeeds in obtaining the requested benefits." *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir.1995) (citing *Shalala v. Schaefer*, 509 U.S. 292, 299–301, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993)). Accordingly, Matlock became a prevailing party when we reversed the district court's judgment and remanded to the district court with directions to remand to the Commissioner of Social Security ("Commissioner") for further proceedings. *See Matlock*, 90 Fed.Appx. at 212.

Matlock, however, is not entitled to attorney's fees as the prevailing party if "the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). The government's position is substantially justified if it had a "reasonable basis both in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). The Commissioner's position must be substantially justified "with respect to the issue on which the court based its remand." *Flores*, 49 F.3d at 569.

Here, the Administrative Law Judge ("ALJ") concluded, and the Commissioner argued on appeal, that Matlock's testimony was not credible. In light of this credibili-

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. "Fees and other expenses" include "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A).

ty determination, the ALJ further concluded that the testimony of Matlock's wife and physician must be rejected, that Matlock did not have an impairment under 20 C.F.R. § 416.920, and that Matlock could perform his past relevant work. We reversed the ALJ's adverse credibility determination, with one judge dissenting, and remanded for further proceedings to determine whether Matlock suffered from a qualifying disability. *Matlock*, 90 Fed. Appx. at 212.

Although we concluded that the ALJ's credibility finding was not supported by substantial evidence, that holding does not foreclose the possibility that the Commissioner's litigation position defending the ALJ's ruling was substantially justified. *See Lewis*, 281 F.3d at 1084; *see also Pierce*, 487 U.S. at 566 n. 2 ("a position can be justified even though it is not correct"). The ALJ's ruling, and the Commissioner's decision to defend it, had a reasonable basis in law and fact. Indeed, the Appeals Council, the magistrate judge, the district court, and one member of this panel found the Commissioner's position meritorious. "[T]he fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified." *Pierce*, 487 U.S. at 569. "Nevertheless, a string of losses can be indicative; and even more so a string of successes." *Id.*

On the basis of the administrative record, "a reasonable person could think [the Commissioner's position] correct." *See Pierce*, 487 U.S. at 566 n. 2. There was "some evidence" to support the conclusion that Matlock's testimony regarding his inability to walk, his infrequent trips out of the apartment, and his reliance on his wife for basic needs was contradicted by the

record. *See Williams v. Bowen*, 966 F.2d 1259, 1261 (9th Cir.1991). Accordingly, the Commissioner's litigation position defending the ALJ's adverse credibility determination and the findings based on the credibility determination was substantially justified. Thus, the district court did not abuse its discretion in denying Matlock's Motion for an Award of Attorney's Fees.

AFFIRMED.