**Joseph W. PANOZZO, Plaintiff—Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of the Social Security Administration, Defendant—Appellee.**

No. 04–15373.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 16, 2005.

Decided Dec. 20, 2005.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Edward M. Ober, Esq., Phoenix, AZ, for Plaintiff–Appellant.

Michael A. Johns, Esq., USPX-Office of the U.S. Attorney, Phoenix, AZ, Michele M. Kelley, Esq., Social Security Administration General Counsel'S Office, Region VIII, Denver, CO, for Defendant–Appellee.

Before: SCHROEDER, Chief Judge, FARRIS and CALLAHAN, Circuit Judges.

## MEMORANDUM [*]

This is an appeal from an order denying attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

We review the district court's denial of a motion for attorney's fees under the EAJA for an abuse of discretion. *Akopyan v. Barnhart,* 296 F.3d 852, 856 (9th Cir.2002). In particular, we review for an abuse of discretion the district court's conclusion that the government's position was substantially justified. *Meinhold v. U.S. Dep't of Def.,* 123 F.3d 1275, 1278, *amended by* 131 F.3d 842 (9th Cir.1997). The district court abuses its discretion when it makes an error of law or bases its conclusion on a clearly erroneous finding of fact.

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*United States v. Tucor Int'l, Inc.*, 238 F.3d 1171, 1175 (9th Cir.2001).

The EAJA provides that when a private claimant succeeds in a civil action against the United States, the claimant is entitled to attorney's fees unless the court finds that the government's position was substantially justified. 28 U.S.C. § 2412(d)(1)(A). The government has the burden to show that its conduct was substantially justified at each state of the proceedings. *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir.2005); *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir.1988). The Supreme Court has defined "substantially justified" as "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988).

These proceedings began when Panozzo filed an application for disability benefits based on a work-related shoulder injury. An administrative law judge denied Panozzo's application, finding that Panozzo was not disabled. The Social Security Administration Appeals Council denied Panozzo's appeal, and the district court granted summary judgment for the Commissioner on Panozzo's complaint for judicial review of the agency action. On appeal, a divided panel of this court reversed the district court's judgment and remanded for an award of benefits.

In its order denying Panozzo's motion for attorney's fees, the district court concluded that the Commissioner's position was substantially justified. The magistrate judge addressed the Commissioner's positions that Panozzo was a malingerer and that he had the ability to perform some work in the national economy.[1] The magistrate judge also considered her summary judgment in favor of the Commissioner on the merits of Panozzo's district court action, and Judge Beezer's dissenting opinion from this court's decision on appeal granting relief to Panozzo.

Panozzo argues that the district court committed legal error, and thus abused its discretion, because it failed to examine the Commissioner's position regarding the errors that Panozzo raised in the district court and on appeal to this court, in addition to the credibility error upon which he ultimately prevailed. Specifically, Panozzo contends that the district court did not consider whether the Commissioner's position was substantially justified regarding the inconsistent opinions of two of Panozzo's treating physicians, and the totality of Panozzo's impairments on his ability to work.

We do not agree that the district court committed legal error. The district court order referenced the Commissioner's position that Panozzo had the ability to work in some manner in the national economy, which necessarily required consideration of the medical evidence in this case—evidence that documented all of Panozzo's ailments. Moreover, there is no reason to believe that the district court did not consider the Commissioner's opposition to the motion for attorney's fees, which discussed the opinions of four medical doctors, and explained why the administrative law judge discounted certain inconsistencies contained in the opinions of two of the doctors.[2]

Panozzo also argues that the district court committed legal error, and thus

---

1. The parties consented to have the underlying matter adjudicated in the district court by a magistrate judge. 28 U.S.C. § 636(c).

2. While it is true that the district court did not discuss the doctors' opinions in its order denying Panozzo's motion for attorney's fees, this likely is because Panozzo did not address the government's position regarding the medical opinions in his reply. Instead, Panozzo's reply focused on the Commissioner's argu-

abused its discretion, when it considered the magistrate judge's opinion and Judge Beezer's dissenting opinion as factors supporting its conclusion that the Commissioner's position was substantially justified.

Panozzo's argument fails because it is contrary to the holding in *Lewis v. Barnhart*, 281 F.3d 1081 (9th Cir.2002). *Lewis* holds that the district court may consider a magistrate judge's recommendation on the merits of a case in its decision to grant or deny a motion for attorney's fees under the EAJA. *Id.* at 1084. It follows that the district court did not commit legal error by considering its decision, as well as Judge Beezer's dissenting opinion, among other factors, to support its conclusion that the Commissioner's position, on the whole, was substantially justified.

Accordingly, we affirm the district court's order denying Panozzo's motion for attorney's fees.

**AFFIRMED.**

ments that its position was substantially justified because the district court decided in its favor and because Judge Beezer dissented from this court's decision granting relief to Panozzo.