**Vincent MURGOLO, Plaintiff–Appellant,**

**v.**

**Michael J. ASTRUE,\* Commissioner of Social Security, Defendant–Appellee.**

**No. 05–17118.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 18, 2007 \*\*.

Filed Nov. 15, 2007.

---

\* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhardt as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Joel F. Friedman, Esq., Jerome, Gibson & Stewart, Friedman & Stevenson, P.C., Phoenix, AZ, for Plaintiff–Appellant.

Jaime Preciado, Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: BRUNETTI, W. FLETCHER, and CLIFTON, Circuit Judges.

## MEMORANDUM ***

Vincent Murgolo, a Social Security benefits claimant, appeals the district court's denial of his application for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(a)(1). We affirm.

We review a district court's denial of attorney's fees under the EAJA for abuse of discretion. *See Lewis v. Barnhart,* 281 F.3d 1081, 1083 (9th Cir.2002). The district court abuses its discretion when its decision is "based on an erroneous conclusion of law or when the record contains no evidence on which [it] rationally could have based that decision." *Kali v. Bowen,* 854 F.2d 329, 331 (9th Cir.1988) (internal citations omitted).

For the district court to award attorney's fees and costs pursuant to the EAJA, it must be shown that (1) the plaintiff is the prevailing party, (2) the government has not met its burden of showing that its positions were substantially justified or that special circumstances make an award unjust, and (3) the requested attorney's fees and costs are reasonable. *See* 28 U.S.C. § 2412(d)(1)(A); *Perez–Arellano v. Smith,* 279 F.3d 791, 793 (9th Cir.2002). There is no dispute that Murgolo prevailed on the merits of the case, and so the Social Security Administration (SSA) then had the burden of showing that its position was substantially justified. The SSA met this burden.

A function of the SSA when adjudicating disputes over whether a claimant continues to be disabled is to identify and resolve conflicts in the testimony and evidence. *Morgan v. Commissioner,* 169 F.3d 595, 599 (9th Cir.1999). The SSA did so when Murgolo presented as evidence two medical reports, one dated 1995 and the other dated 1996. The SSA considered both reports and, in exercising reasonable discretion, gave more evidentiary weight to the 1995 report than the 1996 report. The SSA gave specific, legitimate reasons, as was required, for its decision to give more evidentiary weight to the 1995 report than

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the 1996 report. *Matney v. Sullivan,* 981 F.2d 1016, 1019 (9th Cir.1992).

The SSA, therefore, met its burden of proving its position was substantially justified, and the district court accordingly did not abuse its discretion in denying attorney's fees. *See Lewis,* 281 F.3d at 1086.

**AFFIRMED.**