**TIENG THI TRAN, Plaintiff— Appellant,**

v.

**Michael J. ASTRUE,\* Social Security Administration, Defendant— Appellee.**

**No. 06–55905.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 8, 2008.\*\*

Filed Feb. 19, 2008.

Alexandra T. Manbeck, Esq., San Diego, CA, for Plaintiff–Appellant.

Office of the U.S. Attorney, San Diego, CA, John C. Cusker, Esq., Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant– Appellee.

\*\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before: HALL, GRABER, and BERZON, Circuit Judges.

### MEMORANDUM ***

Plaintiff Tieng Thi Tran applied for social security disability benefits in 1994. An administrative law judge denied the claim. Plaintiff challenged that denial in an untimely federal case in 1999, which the district court dismissed in 2000; no appeal was perfected. Meanwhile, Plaintiff joined a class action that, upon settlement, granted a new right to mount a challenge to the denial of benefits. Plaintiff then brought the present case in 2004 and succeeded. Counsel filed a motion for attorney's fees under the Equal Access to Justice Act. The district court granted the motion but awarded less than Plaintiff requested. On review for abuse of discretion, *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002), we affirm.

1. The district court did not abuse its discretion by using a national cost-of-living adjustment instead of a local cost-of-living adjustment under 28 U.S.C. § 2412(d)(2)(A)(ii). Plaintiff submitted an incorrect "mixed" calculation, proposing the use of the *national* figure for 1996 but the *local* figure for the years in which the work was performed. That calculation artificially inflated the request for fees. By choosing one of the two methods proposed by Plaintiff, the district court did not abuse its discretion, particularly in view of this court's past use of the national figures. *See, e.g., Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir.2005) (order).

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

2. The district court did not abuse its discretion in eliminating from the fee calculation hours spent on Plaintiff's unsuccessful 1999 federal case. That case was not a necessary prerequisite to the present action, which is the only one in which Plaintiff prevailed.

3. The district court did not abuse its discretion by limiting the "special factor" enhancements, 28 U.S.C. § 2412(d)(2)(A)(ii), to $25 per hour. The court explained its reasons for not granting a higher enhancement, and those reasons are reasonable.

4. The district court did not abuse its discretion when it reduced the number of compensable hours from 47 to 34.75. The court carefully and precisely explained which hours it was reducing and why. Those reasons are reasonable and supported by the record.

AFFIRMED.