**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUN 13 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

DONALD C JOHNSON,

              Plaintiff - Appellee,

   v.

MICHAEL J. ASTRUE,

              Defendant - Appellant.

No. 11-35376

D.C. No. 3:09-cv-05688-RBL

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted June 8, 2012[**]
Seattle, Washington

Before: SILVERMAN and MURGUIA, Circuit Judges, and KOBAYASHI,
District Judge.[***]

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

     [***]     The Honorable Leslie E. Kobayashi, United States District Judge for
the District of Hawaii, sitting by designation.

The district court granted Plaintiff-Appellant Donald C. Johnson's ("Johnson") application for attorney fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Defendant-Appellee the Commissioner of the Social Security Administration ("Commissioner") appeals, arguing that the district court abused its discretion in concluding that the Commissioner's litigation position was not substantially justified. Because the history and facts of this case are familiar to the parties, we recount them only to the extent necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291,[1] and we reverse and remand.

The EAJA permits an award of fees to a prevailing party in a civil action against the United States "unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). "The Commissioner is substantially justified if his position met the traditional reasonableness standard--that is justified in substance or in the main, or to a degree

---

[1] We reject Johnson's argument that the Court lacks jurisdiction because the Commissioner's notice of appeal was untimely. Johnson's argument is premised on the notion that the clock starts running on the day that triggers the appeals period. This, however, is incorrect, as the Federal Rules of Appellate Procedure make clear that "the day of the event that triggers the period" must be excluded. Fed. R. App. P. 26(a)(1)(A). Applying this rule, the latest the Commissioner could file his notice of appeal was May 2, 2011, which is the day the Commissioner filed.

that could satisfy a reasonable person." *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2005) (internal quotation marks omitted). In appraising substantial justification, a court may consider objective indicia, including the viewpoints of other courts. *Gonzales v. Free Speech Coal.*, 408 F.3d 613, 618 (9th Cir. 2005) (citing *Pierce v. Underwood*, 487 U.S. 552, 568 (1988)). When, however, the objective indicia are inconclusive, the court must "proceed[] to the merits of the government's litigati[on] position." *Id.* (citing *Pierce*, 487 U.S. at 568).

In concluding that the Commissioner's litigation position[2] was not substantially justified, the district court relied exclusively on two Western District of Washington cases that had also rejected the Commissioner's litigation position, *Hartmann v. Astrue*, 07-CV-5644RJB and *Gibbs v. Astrue*, 09-CV-5114KLS. While these two cases are relevant objective indicia, they are far from dispositive. As the Supreme Court explained in *Pierce*, "the fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified." 487 U.S. at 569. Furthermore, we note that there is not even unanimity within the Western District of Washington, as prior to the fee

_____

[2]The Commissioner's litigation position is that an Administrative Law Judge need only expressly consider the narrative section of a Mental Residual Functional Capacity Assessment, which is a form filled out by a physician for the purpose of determining residual functional capacity. We offer no opinion on the merits of this argument.

award in this case, a different judge had embraced the Government's litigation position. *See Smith v. Astrue*, 09-CV-01582SL.

Accordingly, we hold that the district court abused it discretion by relying solely on objective indicia in determining that the Commissioner's litigation position was not substantially justified. We reverse and remand so that the district court can consider the Commissioner's litigation position on the merits. *See Marlar, Inc. v. United States*, 151 F.3d 962, 970 (9th Cir. 1998).

**REVERSED and REMANDED**