**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUTH STAIRS,<br><br>    Plaintiff - Appellant,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant - Appellee. | No. 11-17240<br><br>D.C. No. 1:10-cv-00132-DLB<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Dennis L. Beck, Magistrate Judge, Presiding

Submitted May 10, 2013[**]
San Francisco, California

Before: W. FLETCHER, GOULD, and CHRISTEN, Circuit Judges.

Ruth Stairs, a successful Social Security benefits claimant, appeals the

district court's reduction of her request for attorneys' fees under the Equal Access

to Justice Act (EAJA), 28 U.S.C. § 2412(d).  We review a district court's denial of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

attorneys' fees under the EAJA for abuse of discretion. *See Lewis v. Barnhart*, 281

F.3d 1081, 1083 (9th Cir. 2002). We have jurisdiction under 28 U.S.C. § 1291,

and we affirm.

In its denial or reduction of attorneys' fees, the district court must offer a

clear and concise explanation, but the explanation does not need to be elaborate.

*Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). A district

court has "substantial discretion in fixing the amount of an EAJA award."

*Comm'r, INS v. Jean*, 496 U.S. 154, 163 (1990).

Here, the magistrate judge adequately explained his reasoning for reducing

attorney Sengthiene Bosavanh's fees for reviewing various documents, duplicating

work, and preparing EAJA time sheets. He also adequately explained his reasons

for reducing attorney Ralph Wilborn's fees for preparing the opening and reply

briefs and the EAJA time sheets. The magistrate judge appropriately recognized

that many issues from the Confidential Letter Brief likely overlapped with the

issues raised in the opening and reply briefs, reducing the time necessary to prepare

those briefs. The magistrate judge was in a better position to judge the

reasonableness of the time requested because he was familiar with the attorneys'

work product. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (district court has

significant discretion due to its "superior understanding of the litigation and the

2

desirability of avoiding frequent appellate review of what essentially are factual matters").

**AFFIRMED.**