NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 29 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELVIRA MEDINA MOLINA, | No.    17-35261 |
| Plaintiff-Appellant, | No. 3:16-cv-00120-TC |
| v. | MEMORANDUM* |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Thomas M. Coffin, Magistrate Judge, Presiding

Submitted May 24, 2018**

Before:      LEAVY, TROTT, and SILVERMAN, Circuit Judges.

Elvira Medina Molina appeals the district court's judgment affirming the

Commissioner of Social Security's denial of her application for disability

insurance benefits and supplemental security income under Titles II and XVI of the

Social Security Act.  We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C.

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 405(g).  We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

## I.  Dr. DeJana's Opinion

The ALJ provided a germane reason to reject chiropractor Dr. DeJana's opinion.  *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008).  The ALJ cited Dr. DeJana's opinion that Medina Molina's limitations would only last two weeks, therefore, Dr. DeJana's opinion does not support the assertion that Medina Molina's limitations fulfilled the duration requirements for disability under the Act.  *See Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)).

## II.  Nurse Pappas' Opinion

The ALJ did not err by discounting Nurse Pappas' opinion.  The ALJ cited the inconsistency between Medina Molina's ability to care for her grandchildren and the limitations Nurse Pappas delineated.  Such a conflict between a claimant's daily activities and a medical opinion serves as a germane reason for rejecting the medical opinion.  *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001).  While the ALJ may have inaccurately characterized Medina Molina's care for her grandchildren as involving lifting the grandchildren, the ALJ also reasoned Nurse Pappas' lifting restriction conflicted with other aspects of their care, such as

2

making them dinner.  Thus, the ALJ reasonably interpreted the evidence.  S*ee*

*Ryan v. Comm'r Soc. Sec. Admin.*, 528 F.3d 1194, 1198 (9th Cir. 2008).

**III.    Medina Molina's Testimony**

The ALJ proffered specific, clear, and convincing reasons for discounting

Medina Molina's testimony, including the lack of treatment and supporting

medical evidence, the conservative nature of her treatment, the fact that she

stopped working for reasons unrelated to her health, and inconsistencies between

her alleged limitations and activities.  *See Bray v. Comm'r Soc. Sec. Admin.*, 554

F.3d 1219, 1227 (9th Cir. 2009); *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th

Cir. 2008); *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001); *Molina*, 674

F.3d at 1112.

Medina Molina's argument that the ALJ incorrectly interpreted her

inconsistent testimony at her hearing as a deliberate "attempt to mislead" does not

address the actual grounds upon which the ALJ discounted her testimony.  The

ALJ pointed to evidence that Medina Molina cared for her grandchildren and

traveled to Mexico and California after her alleged disability onset date as

examples of activities that were inconsistent with her alleged limitations.  The ALJ

did not state she relied upon contradictions within her testimony to reject her

statements.

3

Any error the ALJ committed by citing Medina Molina's gaps in medical treatment as a basis for discounting her testimony was harmless. Medina Molina asserts she lacked funds for treatment, and "disability benefits may not be denied because of the claimant's failure to obtain treatment [s]he cannot obtain for lack of funds." *See Orn v. Astrue*, 495 F.3d 625, 636-38 (9th Cir. 2007). However, any error was harmless because the ALJ provided other valid reasons for discounting Medina Molina's testimony. *See Carmickle*, 533 F.3d at 1162.

## IV.   Lay Witness Testimony

The ALJ provided germane reasons for discounting the lay witness testimony from Medina Molina's husband, Juan Cardenas, including the inconsistencies between the medical evidence and Mr. Cardenas' statements, as well as Medina Molina's "functional abilities" and Mr. Cardenas' reliance upon his wife's subjective descriptions of her impairments. *See Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017). Furthermore, any error was harmless, as Mr. Cardenas' testimony described substantially similar limitations as his wife's testimony, and the "ALJ's reasons for rejecting [Medina Molina's] testimony apply with equal force to the lay testimony." *See Molina*, 674 F.3d at 1122.

## V.   Step Four Findings

While the vocational expert's characterization of all three of Medina Molina's previous hand-packaging jobs as sedentary was inaccurate, the error was

4

harmless. The ALJ was not required to find could perform all of her past relevant work, and substantial evidence in the record still supports the ALJ's finding because Medina Molina testified at least one of her hand-packaging jobs permitted her to sit or stand at will, consistent with her residual functional capacity ("RFC"). *See Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001).

Although Medina Molina argues she was absent twice per week towards the end of her last job, the ALJ permissibly found Medina Molina was capable of performing the "actual functional demands and job duties of a particular past relevant job," rather than the "functional demands . . . of the occupation as generally required by employers throughout the national economy." *See Pinto*, 249 F.3d at 845; *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002).

Medina Molina's RFC does not conflict with the requirements for the position of hand packager. The Dictionary of Occupational Titles 920.587-018 defines hand packager as requiring a General Education Development ("GED") reasoning level of 2, requiring the ability to "carry out detailed but uninvolved written or oral instructions," as opposed to GED Level 1 reasoning, which entails the ability to "carry out simple one- or two-step instructions." While we have found RFC's limiting claimants to "one-and two-step tasks" conflict with the requirements of Level 2 reasoning, which entails the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral

instructions," we have distinguished these cases from those in which the ALJ "merely restrict[ed]" the claimants to "simple" tasks, as the ALJ did here. *See Rounds v. Comm'r of Soc. Sec.*, 807 F.3d 996, 1003-04 (9th Cir. 2015). As a result, no conflict exists here.

The ALJ did not err by omitting Medina Molina's mental limitations in the hypothetical to the vocational expert. Vocational expert testimony is "useful, but not required" at Step Four. *See Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993). The ALJ decided this case at Step Four, therefore, the requirement that the hypothetical include all of the claimant's limitations did not apply. *See id.*

**AFFIRMED.**