**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 25 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LAURA B. WRIGHT, | No. 22-16221 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-01235-VCF |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Cam Ferenbach, Magistrate Judge, Presiding

Argued and Submitted May 10, 2023
San Francisco, California

Before: S.R. THOMAS, CHRISTEN, and BRESS, Circuit Judges.
Dissent by Judge BRESS.

Laura Wright appeals the district court's decision affirming an Administrative

Law Judge's (ALJ) denial of Wright's application for Social Security disability

benefits. We have jurisdiction under 28 U.S.C. § 1291. We review the district

court's decision de novo and "will disturb the denial of benefits only if the [ALJ's]

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

decision contains legal error or is not supported by substantial evidence." *Kilpatrick v. Kijakazi*, 35 F.4th 1187, 1192 (9th Cir. 2022) (quoting *Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020)). We vacate and remand.

At step four of the five-step Social Security evaluation process, the ALJ must determine whether the claimant, with her residual functional capacity, can still perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If she can, the claimant will be found not disabled. *Id.* At step four, the ALJ considers whether the claimant can perform her past work "either as the claimant actually performed it or as generally performed in the national economy." *Id.* § 404.1560(b)(2). "Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support h[er] conclusion." *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001).

The ALJ found that Wright—who, due to her limitations, needs a "sit/stand option" permitting her to alternate between sitting and standing every 30 minutes—could perform her past relevant work as a casino card dealer, as that position is generally performed in the national economy. This finding was not supported by substantial evidence.

The ALJ relied on the relevant *Dictionary of Occupational Titles* (DOT) entry, as well as the testimony of a vocational expert (VE). But the DOT does not indicate whether the card dealer position is compatible with a sit/stand option or

whether casinos generally allow card dealers to alternate between sitting and standing. And while the VE testified that "at times . . . there's a chair or stool available," and that she "ha[d] seen both" dealers who sit and dealers who stand, the VE's limited and unelaborated testimony does not support a conclusion about how the job of a card dealer is "generally performed." 20 C.F.R. § 404.1560(b)(2). Aside from these brief recollections, the VE offered no indication of the prevalence of sit/stand options for casino card dealers or whether it is feasible for someone to work as a card dealer with this limitation.

The thin evidentiary record on which the ALJ relied does not sufficiently demonstrate that Wright could perform her past work "as generally performed in the national economy." *Id.*[1] We vacate the judgment of the district court with instructions to remand to the Commissioner for proceedings consistent with this decision. The parties shall bear their own costs on appeal.

**VACATED AND REMANDED.**

---

[1] Because the ALJ's findings at step four are focused on Wright's past work as a dealer, we need not address the parties' arguments premised on Wright's ability to perform work as a supervisor or composite dealer/supervisor. *See Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014) ("We review only the reasons provided by the ALJ in the disability determination . . . .").



*Wright v. Kijakazi*, No. 22-16221

Bress, Circuit Judge, dissenting:

I would affirm the denial of Social Security disability benefits.

The ALJ relied on the applicable section of the *Dictionary of Occupational Titles* and testimony from a vocational expert (VE) to conclude that Wright could perform her past work as a card dealer, as that work is "generally performed in the national economy." 20 C.F.R. § 404.1560(b)(2). Taken together, this was substantial evidence that someone with Wright's limitations and need for a sit/stand option could perform the job functions of a card dealer, as that role is generally performed in the national economy. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1155 (2019) ("[A] vocational expert's testimony may count as substantial evidence even when unaccompanied by supporting data."); *Thomas v. CalPortland Co.*, 993 F.3d 1204, 1208 (9th Cir. 2021) (noting that substantial evidence "is an extremely deferential standard").

"At step four, a claimant has the burden to prove that [s]he cannot perform h[er] past relevant work 'either as actually performed or as generally performed in the national economy.'" *Stacy v. Colvin*, 825 F.3d 563, 569 (9th Cir. 2016) (quoting *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002)). Wright did not cross-examine the VE on this point or offer evidence undermining the VE's testimony. On this record, I believe substantial evidence supported the ALJ's decision.

1