**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NORMAN STENBERG,

             Plaintiff-Appellant,

v.

MICHELLE KING, Acting Commissioner
of Social Security,

             Defendant-Appellee.

No. 23-35617

D.C. No. 2:22-cv-00239-SAB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Stanley A. Bastian, Chief District Judge, Presiding

Submitted February 10, 2025[**]
Seattle, Washington

Before: W. FLETCHER and NGUYEN, Circuit Judges, and BENNETT,[***]
District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

Norman Stenberg appeals from the district court's decision affirming the Acting Commissioner of Social Security's denial of his application for disability benefits and supplemental income. The Administrative Law Judge ("ALJ") found Stenberg not disabled because he was capable of performing past relevant work. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's decision de novo and will "set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error." *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022) (quoting *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009)). Substantial evidence is "more than a mere scintilla," and it means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

Substantial evidence supports the ALJ's conclusion at step two that Stenberg did not have severe mental impairments. "An impairment . . . is not severe if it does not significantly limit [the claimant's] . . . mental ability to do basic work activities." 20 C.F.R. § 404.1522(a). Despite Stenberg's mental impairments and related symptoms, he continued to work part time without pay at his tow truck business throughout the alleged disability period. *See Ford v. Saul*, 950 F.3d 1141,

1156 (9th Cir. 2020) ("An ALJ may consider any work activity, including part-time work, in determining whether a claimant is disabled . . . .").  There is even evidence in the record to suggest his work as a tow truck driver sometimes helped alleviate his mental impairments.

The ALJ did not err in rejecting Stenberg's testimony about his symptoms. An ALJ's adverse credibility finding must be based on "specific, clear and convincing reasons." *Ferguson v. O'Malley*, 95 F.4th 1194, 1199 (9th Cir. 2024). The ALJ satisfied this requirement.  First, the ALJ pointed out that Stenberg continued to engage in physically rigorous activities such as part-time tow truck driving despite his described pain, limited motion, and numbness.  *See Smartt*, 53 F.4th at 499 ("An ALJ may also consider 'whether the claimant engages in daily activities inconsistent with the alleged symptoms.'" (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007))).  Second, the ALJ concluded that Stenberg was able to manage his symptoms with mostly conservative treatment. *See Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) ("[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding the severity of an impairment." (quoting *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995))).  Third, the ALJ concluded that Stenberg's treatment records reflected less severe limitations than claimed by Stenberg.  "Although lack of

3

medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in [the] credibility analysis." *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

The ALJ also did not err in rejecting Dr. J.D. Fitterer's medical opinion. "[A]n ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). As explained by the ALJ, substantial evidence supports the conclusion that Dr. Howard Platter's opinion was more persuasive because his medium residual functional capacity ("RFC") finding was more "support[ed]" by the record. For example, Stenberg continued to work at his tow truck business, service cars, and exercise at the gym despite his physical impairments.

Although the ALJ did not address Marie Stenberg's third-party function report, her lay witness testimony was duplicative of Norman Stenberg's testimony. Thus, the ALJ's "well-supported reasons for rejecting [his] testimony apply equally well to the lay witness testimony," rendering harmless the ALJ's failure to specifically address her testimony. *See Molina v. Astrue*, 674 F.3d 1104, 1117–22 (9th Cir. 2012).

Substantial evidence also supports the ALJ's ultimate determination that Stenberg had the necessary medium RFC to perform past relevant work as a tow truck driver, automobile mechanic, and general office clerk. "At step four, a claimant has the burden to prove that he cannot perform his past relevant work 'either as actually performed or as generally performed in the national economy.'" *Stacy v. Colvin*, 825 F.3d 563, 569 (9th Cir. 2016) (quoting *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002)). The composite job is made up of jobs with no more than a medium physical demand, and Stenberg's work history report does not suggest more than a medium physical exertional level. *See* 20 C.F.R. § 404.1567(c). Further, Stenberg continued to perform this composite job part-time, albeit without pay. Although the ALJ extrapolated from vocational expert testimony based on an incomplete hypothetical limited to light work, the inquiry as to whether a claimant may perform their past relevant work does not require the use of vocational testimony. *See Crane v. Shalala*, 76 F.3d 251, 255 (9th Cir. 1996).

**AFFIRMED.**